# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:09-CR-189-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| SILAS JUNIOR MOBLEY, ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Withdraw" (Document No. 72) filed by Mr. Andy Culler, counsel to the Defendant, on July 29, 2010. The Court held a hearing regarding the motion, a portion of which was conducted *ex parte* to ensure a full exploration of the issues, on July 30, 2010. This matter presents a close question, but after careful consideration of the motion, the information presented at the hearing, and applicable authority, the Court has determined that the motion should be denied.

## FACTUAL BACKGROUND

Some recent procedural history is warranted. The Defendant, along with his son and co-defendant, Marvin Mobley, and another co-defendant, are charged in a drug conspiracy case. The matter currently appears on the upcoming August 2, 2010 trial term of Chief United States District Judge Robert J. Conrad, Jr. The latest information from Judge Conrad's chambers is that the case could be tried on August 9, 2010 or August 16, 2010. As discussed in greater detail below, under either set of circumstances, the case will apparently not be continued and trial is imminent.

Mr. Mobley's case has actually appeared before the undersigned on three separate occasions in the last week. On Tuesday, July 27, 2010, Mr. Mobley's case was scheduled for a Plea & Rule

11 hearing before the undersigned. Upon appearing, Mr. Mobley expressed some ambivalence about whether to plead guilty pursuant to his plea agreement, or in the alternative, to enter a straight plea. The Court advised Mr. Mobley to counsel privately with his attorney, Mr. Culler, and to report back to the Court on when the case should next be scheduled. Mr. Culler consulted with Mr. Mobley, and the case was rescheduled for a Plea and Rule 11 on Thursday, July 29, 2010.

When the case was called for Plea and Rule 11 on July 29, 2010, Mr. Culler indicated his client may have changed his mind about what he wished to do, and the Court again provided an opportunity for Mr. Mobley to consult with Mr. Culler privately. Later in the same session, Mr. Mobley returned to the courtroom with Mr. Culler and indicated that he did not wish to plead guilty at all and that he did not want to have Mr. Culler continue as his lawyer. Mr. Culler indicated he might need to make a motion to withdraw, and later that same day, the aforementioned written motion to withdraw was filed. The written motion is detailed and somewhat lengthy, and the Court has carefully reviewed it.

At the July 30, 2010 hearing on the motion to withdraw, the undersigned heard at some length from both Mr. Culler and the Defendant. While the Court will not include in this order some of the facts set forth during the *ex parte* portion of the hearing, suffice to say that Mr. Mobley is now very critical of Mr. Culler's performance as his counsel. Mr. Culler's written motion states that Mr. Mobley has informed him that he intends to ignore his advice from now on and will do what he wants with respect to the presentation of his defense at trial. Mr. Mobley refused to show to Mr. Culler some documents he was himself referring to during his last meeting with Mr. Culler. Mr. Culler believes the communication between himself and Mr. Mobley has been significantly compromised, and he believes he now has a conflict of interest that will prevent his doing an adequate job with the Defendant's case.

## ANALYSIS

The standard for considering motions to withdraw and motions to substitute new appointed counsel is familiar. In United States v. Mullen, 32 F.3d 891 (4th Cir. 1994), the Fourth Circuit set out a three part test for evaluating a district court's decision on such a motion: 1) timeliness of the motion; 2) adequacy of the court's inquiry into the defendant's complaint; and 3) whether the attorney/client conflict was so great that it resulted in total lack of communication preventing an adequate defense. Mullen, 32 F.3d at 895.

Case law also sets forth that defendants represented by appointed counsel are not entitled to counsel of their choice, or even counsel they like, but rather only constitutionally adequate counsel. "[T]he Sixth Amendment does not guarantee a meaningful relationship or even substantial rapport between a defendant and his counsel." Sanders v. United States, 2008 WL 2704523 at *4 (N.D.W.Va. 2008); see also, Morris v. Slappy, 461 U.S. 1, 13-14. "Generally speaking, the reported fact that defendant and counsel are not 'getting along' is insufficient to require appointment of substitute counsel." Id. "The Fourth Circuit has gone on to state that a court is within its limits in denying a motion to substitute counsel when the conflict is due to defendant's belligerence." Id. at *5, citing U.S. v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995)("district court is not compelled to substitute counsel when the defendant's own behavior creates a conflict.") The trial court also has broad discretion where a motion to withdraw is untimely.

During the hearing on this matter, the undersigned listened carefully to the remarks of both Mr. Culler and the Defendant. While the Court respects Mr. Culler's concerns and his desire to do a good job defending the case, the Court does not find from this record that this situation constitutes a "total lack of communication preventing an adequate defense," as envisioned in the Mullen case. Mr. Culler has practiced in the area of criminal defense in state and federal court for the past 20

years and has literally tried scores, if not hundreds, of cases. The Court can discern no basis for the criticism by the Defendant of his performance in this matter. The Court believes that Mr. Culler and the Defendant – if the Defendant is willing – can work together before the scheduled trial to prepare the Defendant's case for either a negotiated plea or an effective jury trial presentation. The scheduled trial, while imminent, has been delayed slightly from the beginning of the August 2, 2010 trial term, which gives Mr. Culler and the Defendant a brief, but meaningful, additional period of time in which to work.

In addition to finding that the Mullen requirement of a "total lack of communication preventing an adequate defense" has not been met, the Court also notes the additional and important issue of the timeliness of the motion. Mr. Culler is the Defendant's second appointed lawyer in this case, and he has been in the case since February 19, 2010. Whether the case is tried August 9, 2010 or August 16, 2010, the trial is just a very few days away under the best of circumstances. The fact that the motion to withdraw was made so close in time to the beginning of the trial and after Mr. Culler has been in the case for an extended period – particularly in a fairly involved case with great potential consequences – also militates against withdrawal in this instance.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion To Withdraw" (Document No. 72) is hereby **DENIED**.

Signed: July 30, 2010

David C. Keesler
United States Magistrate Judge